Francisco J. Aldana (SBN: 216388)
**Law Offices of Francisco Javier Aldana**
3033 Fifth Avenue, Suite 201
San Diego, California 92103
Tel: (619) 236-8355 | Fax: (619) 374-7056
E-mail: efile@aldanalawoffice.com

Attorneys for Plaintiff
SCOTT CATLIN

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CATLIN, as guardian ad litem for C.R., an individual minor, SCOTT CATLIN, an individual, and DOES 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and, ROES 1-50, Inclusive,<br><br>Defendants. | Case No.: **'18CV0322 JLS  MDD**<br><br>**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SCOTT CATLIN (hereinafter "Plaintiff"), by and through his attorneys of record herein, brings this Complaint for Damages, Restitution, and Injunctive Relief against the above-named Defendants, and in support thereof alleges the following:

### I.   PRELIMINARY STATEMENT

1.   The instant action concerns the constitutional limits of the government's power to search for contraband in the body and body cavities of a minor child in the absence of a search warrant and without parental consent. The participants in this case include many customs and border patrol agents who acted on behalf of the United States

1


government that intentionally probed the most sensitive body parts of C.R., an underage minor female without a warrant, without parental consent and without probable cause. After finally enduring hours of excruciating detention and even more increasingly intrusive searches which had yielded no evidence of wrongdoing on C.R.'s part she was finally released without any further incident.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §1331, and, 42 U.S.C. §1983, 28 U.S.C. §2671(Federal Tort Claims Act), 28 U.S.C. §1367 (supplemental jurisdiction) and Supremacy Clause of the United States Constitution.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this judicial district.

## III. PARTY DESIGNATIONS

4. Plaintiff Scott Catlin along with C.R. are U.S. citizens and permanent legal residents of San Diego County, California. Pursuant to Federal Rule 17, Mr. Catlin hereinafter proceeds as C.R.'s *guardian ad litem*, and individual plaintiff along with plaintiff DOES 1-20 with currently accrued claims that presently are unknown to them.

5. The Defendant is the United States of America.

6. The true names and capacities of defendant ROES 1 through 50, are unknown to Plaintiff who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend the Complaint to allege the true names and capacities of ROES 1 through 50 when they are ascertained. At all times described herein, each of said ROES 1 through 50 defendants participated in doing of the acts alleged herein acting within the course and scope of said agency and employment according to Bivens v. Six Unknown Agents, 403 U.S. 388, 29 L. Ed. 2d 219 (1971).

## IV. THE CONDUCT

7. Plaintiff, Mr. Scott Catlin is step father and legal custodian of C.R. He brings this action on her behalf as *guardian ad litem* because she was under the "age-of-majority"

2

at the time of the sexual assault on September 5, 2017, that involved federal customs and border patrol agents. On Tuesday evening around 7:30 p.m., C.R. along with her two sisters during a regularly planned trip from Mexico to the United States had been attempting safe and lawful passage at the San Ysidro international crossing in preparation for school the next day. A canine officer upon the mistaken reliance on mere suspicion alone approached C.R without an apparent good cause, who then elected to probe C.R.'s genital areas that had caused the performance of a search upon C.R. that was "contrary to or involved an unreasonable application of clearly established federal law" under Hernandez v. Mesa, 137 St. Ct. 2003, 198 L. Ed. 2d 625 (2017), and Ziglar v. Abbasi, 137 S. Ct. 184, 198 L. Ed. 2d 290 (2017), because law enforcement officers cannot perform the search upon a child in the absence of a search warrant and without parental consent, according to stated federal law that the plaintiff is aware of. Furthermore, the plaintiff avers upon information and belief that the police dogs were untrained on the differentiation between adult or child, and therefore could not properly alert the human officer of the requirement for a warrant, the training the dogs lacked "involve[d] an unreasonable application of clearly established federal law." Ibid. Moreover, At the custom officer's directions, C.R who was menstruating then had been directed to "secondary processing" where she was forced to remove her clothing, while nude she was forced to squat and cough while officers probed and shined a flashlight into her vagina and anus areas outside of the presence of her family members and while her parents did not voluntarily waive consent to the search or C.R.'s prolonged detention without the proper warnings under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966) that inevitably had yielded no contraband or wrongdoing against her. Further, Plaintiff is informed that he exhausted his administrative remedies upon the mailing of a written claim with the Department of Homeland Security the government agency responsible for these claims at 245 Murray Lane, SW, Washington D.C. 20528 on September 7, 2017, which as of the date of filing this complaint has taken no action on the case. A true and correct copy of the administrative claims are attached as **Exhibit 1** to this Complaint.

## V.    CAUSES OF ACTION

### COUNT ONE

### Violation of Due Process

### (42 U.S.C. §1983)

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

8. The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the government from depriving any person of life, liberty, or process without due process of the law.

9. As a direct and proximate cause of the actions as described in this complaint, defendant, and each of them, acting under the color of law had deprived her of the right to be free from unreasonable search and seizure in violation of the Fourth Amendment to the U.S. Constitution. This cause of action is brought under 42 U.S.C. §1983.

10. Accordingly, plaintiffs are entitled to declaratory and injunctive relief.

### COUNT TWO

### Violation of Equal Protection

### (42 U.S.C. §1983)

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

11. The Equal Protection Clause of the Fifth Amendment to the United States Constitution prohibits the government from depriving any person of life, liberty, or process without due process of law.

12. As a direct and proximate cause of the actions as described in this complaint, defendant, and each of them, acting under the color of law had deprived her of the right to be free from unreasonable search and seizure in violation of the Fourth Amendment to the U.S. Constitution. This cause of action is brought under 42 U.S.C. §1983.

**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

13. Accordingly, plaintiffs are entitled to declaratory and injunctive relief.

## COUNT THREE

### Violation of Due Process

### (Bivens Claim)

### (Against Defendant ROES 1-50)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

14. The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the government from depriving any person of life, liberty, or process without due process of law.

15. As a direct and proximate cause of the actions as described in this complaint, defendant, and each of them, acting under the color of law had deprived her of the right to be free from unreasonable search and seizure in violation of the Fourth Amendment to the U.S. Constitution. This cause of action is brought under Bivens v. Six Unknown Agents, 403 U.S. 388, 29 L. Ed. 2d 219 (1971) against defendant ROES 1-50, acting within the course and scope of their employment.

16. Accordingly, plaintiffs are entitled to declaratory and injunctive relief.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

**COUNT ONE:**

1. General and compensatory damages.
2. Nominal damages.
3. Restitution.
4. Punitive and exemplary damages, in amounts to be shown according to proof.
5. Preliminary injunctive relief including an order that enjoins Defendant from the warrantless search of minors without parental consent.
6. Attorney's fees and costs.

**COUNT TWO:**

1. General and compensatory damages.
2. Nominal damages.
3. Restitution.
4. Punitive and exemplary damages, in amounts to be shown according to proof.
5. Preliminary injunctive relief including an order that enjoins Defendant from the warrantless search of minors without parental consent.
6. Attorney's fees and costs.

**COUNT THREE:**

1. General and compensatory damages.
2. Nominal damages.
3. Restitution.
4. Punitive and exemplary damages, in amounts to be shown according to proof.
5. Preliminary injunctive relief including an order that enjoins Defendant from the warrantless search of minors without parental consent.
6. Attorney's fees and costs.

**ALL COUNTS:**

1. For all such further relief as the Court deems just and proper.

### VII. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues triable by a jury.

Date: February 9, 2018

**LAW OFFICES OF FRANCISCO J. ALDANA**

_____
FRANCISCO J. ALDANA
Attorneys for Plaintiff
SCOTT CATLIN

## VERIFICATION

I, SCOTT CATLIN, have read the foregoing Complaint for Damages, Restitution, and Injunctive Relief, and attached Exhibit 1 and know the contents therein. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Verification was executed on February 9, 2018 at San Diego, California.

_/s/ Scott O. Catlin_
SCOTT CATLIN

# EXHIBIT 1

9-7-17 @ 0230

Department of Homeland Security

To whom it may concern,

My name is Scott Catlin. This letter serves as my formal complaint for the isolation, sexual assault and battery, strip search, and intentional infliction of severe emotional distress perpetrated by agents of Homeland Security upon my minor child ███████████. The non-compliance with Homeland Security protocal and felonious actions took place at approximately 1945 hours on 9-5-17. ███ was legally returning to the USA through the San Ysidro port of entry with her two adult sisters ███████████ nd ███████████ passed through first, followed by ███, with ███ bringing up the rear. According to agent ███ whom I spoke to in person just before midnight on 9-5-17, a canine unit alerted on multiple people including my middle daughter ███ and minor child ███ My daughters informed me that the agent prompted the canine to approach them by walking the dog over and nudging it rather than the canine alerting and sitting on its own.  My eldest daughter ███ who was trailing behind and standing there when the canine allegedly alerted passed through without incident but was ordered to leave the building and not informed in any manner of the situation. She was only told that her sisters were being taken to secondary and will be right out. Other than that she only knew what was happening to her younger siblings to the limited extent she was able to see leaving her very upset and concerned.

At this point ███ was patted down with no contraband found and both she and ███ were taken to secondary and separated.   Both informed agents that they were not under the influence of any narcotics and were not carrying any illegal items or substances.   At some point Chief ███ still decided   (per agent ███ to authorize the illegal search of my minor daughter ███. No social worker nor medical staff was brought in to speak with her and none was present during the illegal search. Neither of ███ adult sisters were informed of an impending search and we, the parents were not made aware of the situation until after our daughters were released from custody with no contraband found and no charges filed as our daughters were not under the influence, not carrying any illegal substance, and were completely innocent of any wrongdoing.

The sexual assault/battery illegal search was perpetrated by two female agents (one Causcasian and one African American). ███ was touched all over her body. At some point her vagina was fondled and she was asked, "What's this?" ███ informed the agents that she was menstrating and wearing a feminine pad which the agent had just feloniously   and traumatically rubbed on.   The agents then compounded their out of policy and illegal activity by forcing ███ to remove her clothing to prove her feminine pad was not contraband nor containing contraband. They also exasercbated the situation adding to her emotional trauma and permanent emotional damage by forcing her to cough

while shining a flashlight into her vagina and anus as if she was a common criminal. As previously stated, my daughters were not involved in any illegal activity so nothing was found. The entire unwarranted out of policy criminal ordeal has put a great strain on our entire family. ▆▆ is still distraught, ▆▆ is angry and confused, and I had to take ▆▆ to the ER to get her evaluated out of fear she is becoming a danger to self do to the signs of   severe depression she is now showing and we received a referral for crisis counseling for her. Her typical demeanor is jovial with a lot of smiling. That smile has been stolen by Homeland Security.   On behalf of my daughters and to hopefully prevent future abuses by agents I will pursuing this to full extent of the law with all criminal and civil remedies possible. I expect all parties inolved to be held accountable through a thorough investigation.

Sincerely,



Scott J Catlin

catlinmma@gmail.com

619-395-5797