ADAM L. BRAVERMAN
United States Attorney
ERNEST CORDERO, JR.
Assistant United States Attorney
State of California Bar No. 131865
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7478
Facsimile: (619) 546-7751
Email: ernest.cordero@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CATLIN, as guardian ad litem for C.R., an individual, SCOTT CATLIN, an individual, and DOES 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and, ROES 1-50, inclusive,<br><br>Defendants. | Case No.: 18cv0322-JLS (MDD)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>DATE: June 14, 2018<br>TIME: 1:30 p.m.<br>CTRM: 4D (4th Floor – Schwartz)<br><br>JUDGE: Hon. Janis L. Sammartino |

# I.

# INTRODUCTION

Plaintiffs' Complaint suffers from a number of jurisdictional defects. First, the Complaint alleges two claims against the United States under 42 U.S.C. § 1983. But the United States is not a proper party to a Section 1983 claim. Rather, the statute applies to individuals acting pursuant to state, not federal authority. Even if the Court were to construe the Section 1983 claims as brought under *Bivens*,[1] they still would not be viable because the United States has not waived its sovereign immunity for constitutional claims.

The Complaint also invokes the Federal Tort Claims Act ("FTCA") as a basis for the Court's subject matter jurisdiction. However, Plaintiffs have not complied with the FTCA's administrative claim requirements. First, their alleged administrative claim does not state a sum certain in damages. For this reason alone, the claim is defective. Furthermore, this suit is premature because Plaintiffs filed it before any agency action on the administrative claim and less than 6 months after they submitted it. For this reason, and because the alleged administrative claim does not state a sum certain demand, the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims.

Catlin also does not plead facts demonstrating his standing to bring personal claims. He was not involved in, nor present during, the incident. Because the Complaint does not allege a case or controversy between Catlin and the United States, he should be dismissed from this action due to his lack of standing and failure to state a claim. Finally, Catlin asserts he is the guardian ad litem of his stepdaughter C.R., a minor. But the Court has not

---

[1] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1255 (9th Cir. 1997). *Bivens* is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2006).

appointed Catlin to serve as C.R.'s guardian ad litem. Therefore, the claims he alleges in that capacity should be dismissed for lack of standing.

## II.
## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT DUE TO CATLIN'S FAILURE TO PLEAD STANDING TO BRING SUIT AS C.R.'S GUARDIAN AD LITEM AND ON HIS OWN BEHALF

### A. The Complaint Does Not Plead Facts Demonstrating Catlin's Alleged Standing to Bring Suit as C.R.'s Guardian Ad Litem

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). Under Rule 17(c), the Court must appoint a guardian ad litem or issue another appropriate order to protect a minor who is unrepresented in an action. *Lobaton v. City of San Diego*, 2017 WL 2610038, at *1 (S.D. Cal. June 16, 2017).

In general, when a parent and child both are plaintiffs in a lawsuit, the court will appoint the parent as the child's guardian ad litem. *Brown v. Alexander*, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015). The parent is presumed to be capable of protecting the interests of the minor. *Id*. But if the Court determines that the parent has a potential conflict of interest with the child, a non-parental guardian ad litem may be appointed. *Id*. at *2.

Here, Catlin alleges he is C.R.'s guardian ad litem. (Complaint, 7.) But he does not plead that he has been appointed by either this Court or any other court to serve in that capacity. The Court's docket also does not contain a petition from him seeking such an appointment. Although Catlin asserts he is C.R.'s "step father and legal custodian" (Complaint, ¶ 7), the Court still must assess whether he is an appropriate guardian who does not have a conflict of interest before he can be appointed as C.R.'s guardian ad litem. *See Guerrero v. Brentwood Union School District*, 2014 WL 1028862, at *2 (N.D. Cal. March 17, 2014) ("A parent may serve as his [minor's] guardian ad litem so long as the

parent does not have an interest adverse to the child's interests."); *see also Student A. v. Berkeley Unified School Dist.*, 2017 WL 2171254, at *2 (N.D. Cal. May 17, 2017).[2] Because the Court has not appointed Catlin to be C.R.'s guardian ad litem, he has no standing to bring suit in that capacity, and the Court lacks subject matter jurisdiction over the claims he alleges on behalf of C.R. as her guardian.

### B. The Complaint Does Not Plead Facts Demonstrating Catlin's Alleged Standing to Bring Personal Claims

Lack of standing is a defect in subject-matter jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326 (1986). From a constitutional standpoint, a plaintiff must make out a case or controversy between himself and the defendant within the meaning of Article III by demonstrating a sufficient personal stake in the outcome. *Fleck & Assocs., Inc. v. City of Phx.*, 471 F.3d 1100, 1103 (9th Cir. 2006). Here, Catlin has not pled a case or controversy between himself and the United States.

The Complaint does not allege Catlin was present at the time of the incident or in any way involved. In fact, other than asserting that Catlin is C.R.'s stepfather and legal custodian, the Complaint does not state anything at all about how Catlin is connected to the incident. To the extent Catlin attempts to bring derivative claims based on the alleged violation of C.R.'s constitutional rights, he cannot do so. "Fourth Amendment rights are personal rights, which like other constitutional rights, may not be vicariously asserted."

---

[2] Catlin alleges he is C.R.'s stepfather. (Complaint, ¶ 7.) Under California law, a stepparent and stepchild are not legally considered to be in a parent-child relationship. *Yohner v. California Dept. of Justice*, 237 Cal.App.4th 1, 11 (2015) ("[A]n adopted person and the adopting person are, by law, in a parent-child relationship the same as a natural parent and child. The same is not true of a stepparent and a stepchild." (internal citations and quotation marks omitted)). The Complaint does not mention C.R.'s natural parents.

3

*Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978). Catlin's personal claims should be dismissed for lack of standing as he has not pled a case or controversy.[3]

### III.
### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE SECTION 1983 CLAIMS ALLEGED AGAINST THE UNITED STATES

The United States, as sovereign, is immune from suit save as it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999). The right to sue the United States can be acquired only by specific consent of Congress; and the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941).

Here, Plaintiffs have alleged claims under 42 U.S.C. § 1983. (*See* Complaint, First and Second Causes of Action.) That statute provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). It does not provide a remedy against the United States or its agents who act under federal law. *Id*. (no section 1983 claim against federal officials acting pursuant to federal law); *see also*

---

[3] In the alternative, the Court should dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. When "plaintiffs … have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Here, the Complaint does not plead plausible claims on behalf of Catlin.

4

*Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995) (same). Because the United States is not a proper defendant to the Section 1983 claims, they should be dismissed.

## IV.
## THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT'S FTCA CLAIMS DUE TO PLAINTIFFS' FAILURE TO EXHAUST THEIR ADMINISTRATIVE REMEDIES

A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Once an FTCA claim has been presented, the involved federal agency has six months to act. *See* 28 U.S.C. § 2675(a). The claimant can file suit under the FTCA only after the agency denies his claim in writing or, in the alternative, the agency fails to make a final disposition of the claim within six months after it is filed. 28 U.S.C. § 2675(a); *Lehman v. United States*, 154 F.3d 1010, 1013 (9th Cir. 1998); *see also Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." (emphasis added)). As set forth in 28 U.S.C. § 2675(a):

> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. . . The failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim for purposes of this section.

5

The date of claim presentation is deemed to be the day the agency receives the administrative claim. 28 C.F.R. § 14.2(a) (a formal claim is not filed for purposes of 28 U.S.C. § 2401(b) until a federal agency receives written notification of an incident and a claim from the claimant, an authorized agent or representative); *see also Bailey v. United States*, 642 F.2d 344, 346 (9th Cir. 1981). Plaintiff has the burden of showing compliance with the FTCA's administrative claim exhaustion requirements. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint."); *Brown v. Bode Construction*, 2016 WL 1588382, at *3 (N.D. Cal. April 20, 2016). The FTCA's exhaustion requirement demands that a plaintiff exhaust his administrative remedies before he files an FTCA claim in federal court. *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1245 (9th Cir. 2017). Because the administrative claim requirements are jurisdictional, they cannot be waived. *Id.* at 1244.

Here, Plaintiffs allege they complied with the administrative claim requirements by mailing a written claim to DHS on September 7, 2017. (Complaint, ¶ 7.)[4] They then filed suit on February 9, 2018 – less than 6 months after they allegedly presented their claim. When they brought suit, DHS had not yet taken action on their claim. (*Id.*) Since the 6 months also had not passed, Plaintiffs' lawsuit was filed before exhaustion of the administrative claim process.

Plaintiffs' failure to exhaust before filing suit cannot be fixed. Under well-established law, an FTCA suit filed before the exhaustion of administrative remedies (as in this case) is premature and must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 110-13 (1993). In *McNeil*, the Supreme Court clarified that a prematurely filed FTCA

---

[4] The document submitted did not contain a sum certain demand or otherwise appear to be an administrative claim. Therefore, CBP treated it as a "complaint," not as an administrative claim. For purposes of this motion, CBP will assume Catlin intended it to be an administrative claim.

claim must be dismissed even if the plaintiff ultimately exhausts his administrative remedies before "substantial progress" has occurred in the case. *Id*. at 110.

An action filed prematurely against the United States also cannot be cured by filing an amended complaint after exhaustion. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Sparrow v. United States Postal Service*, 825 F.Supp. 252, 255-56 (E.D. Cal. 1993). Instead, plaintiff must file a new suit. *Id*. at 255. The rule has been succinctly stated as follows:

> Where a plaintiff has prematurely initiated an FTCA claim before exhausting administrative remedies, courts must dismiss the FTCA claim. Moreover, Courts have consistently refused to allow plaintiffs to amend a dismissed, premature FTCA claim after exhausting their administrative remedies. Instead, plaintiffs must initiate a new cause of action for the FTCA claim.

*Lopez v. Chertoff*, 2009 WL 395229, at *1 (E.D. Cal. Feb. 17, 2009), affirmed by *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011). A prematurely filed complaint also cannot be cured by belatedly presenting an FTCA administrative claim to the agency after suit has been filed. *McNeil*, 508 U.S. at 110 -113.

In limited circumstances not applicable here, courts have allowed FTCA claims to be added to a suit filed before exhaustion. For example, parties have been permitted to amend a complaint to add an FTCA claim to a suit if the original complaint filed prior to exhaustion alleged <u>only non-FTCA claims against parties other than the United States</u>. *See Valadez-Lopez*, 656 F.3d at 856-57. Additionally, if exhaustion occurs while a **non**-FTCA state court action is pending, the complaint may be amended to add an FTCA claim against the United States after removal of the case to federal court. *See Vassilev*, 858 F.3d at 1246-

7

484. In each instance, exhaustion occurs before the parties invoke federal jurisdiction and name the United States as a defendant. That is not the case here.[5]

Finally, Plaintiffs have attached to the Complaint a copy of a letter they contend is an "administrative claim" Catlin sent to DHS. (Complaint, ¶ 7; Complaint, Exhibit 1.) But this alleged administrative claim suffers from a fatal defect. Specifically, an administrative claim must: (1) sufficiently describe the injury to enable the agency to begin its own investigation; and (2) **state a sum certain in damages**. *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). Only when these two requirements are met is a claim deemed presented for purposes of 28 U.S.C. § 2675(a). *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002). Moreover, the stating of a sum certain in the administrative claim is a jurisdictional requirement. *Id.* at 865; *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985). Because Plaintiffs' purported administrative claim does not state a sum certain in damages, Plaintiffs have not exhausted their administrative remedies. Due to this failure, the Court lacks subject matter jurisdiction over their FTCA claims.

## V.
## CONCLUSION

For the foregoing reasons, all claims alleged in the Complaint against the United States should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim. If Plaintiffs wish to assert FTCA claims arising out of the incident at issue, they should first exhaust their

---

[5] A plaintiff institutes an action against the United States for purposes of Section 2675(a) by (1) commencing proceedings in court against the United States, (2) invoking the federal court's jurisdiction under the FTCA, or, (3) otherwise seeking redress against the government pursuant to the FTCA.  *See Valadez–Lopez*, 656 F.3d at 855–56 & n.1. Although Plaintiffs have labelled their causes of action as either "Section 1983" or "*Bivens*" claims, they have named the United States as a defendant and invoked the Court's jurisdiction under the FTCA. (*See* Complaint, ¶ 2.)

administrative remedies before filing suit. Additionally, if Catlin again attempts to allege a personal claim, he must plead sufficient facts to support its viability.

DATED: April 17, 2018

Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney

 *s/ Ernest Cordero, Jr.*
ERNEST CORDERO, JR.
Assistant United States Attorney

Attorneys for Defendant
United States of America