1  Francisco J. Aldana (CSB #216388)
   Law Offices of Francisco Javier Aldana
2  3033 Fifth Avenue, Ste 201
   San Diego, California 92103
3  Tel: (619) 236-8355 | Fax: (619) 374-7056
   Email: efile@aldanalawoffice.com
4
5  Attorney for Plaintiffs SCOTT CATLIN, as guardian ad litem
   for C.R., an individual minor, SCOTT CATLIN, an individual,
6  and DOES 1-10, inclusive

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | SCOTT CATLIN, as guardian ad litem for | Case No.    18CV0322 JLS MDD
   | C.R., an individual minor, SCOTT       |
12 | CATLIN, an individual, and DOES 1-10,  | **AMENDED COMPLAINT FOR**
   | inclusive,                             | **DAMAGES AND**
13 |                                        | **FOR DECLARATORY**
14 |              Plaintiff,                | **AND INJUNCTIVE RELIEF**
15 | v.                                     | **DEMAND FOR JURY TRIAL**
16 |                                        |
17 | RONALD D. VITIELLO, in his official    |
   | capacity as Acting Deputy Commissioner of |
   | United States Customs and Border       |
18 | Protection; TWO UNKNOWN UNITED         |
   | STATES CUSTOMS AND BORDER              |
19 | PROTECTION AGENTS, in their            |
   | individual and official capacities; TWO |
20 | UNKNOWN UNITED STATES                  |
   | CUSTOMS AND BORDER PROTECTION          |
21 | SUPERVISING AGENTS, in their           |
   | individual and official capacities; and |
22 | DOES 1 through 100, inclusive,         |
23 |                                        |
24 |              Defendants.               |
25

26
27 / / /
28 / / /

---

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

**COMPLAINT FOR DAMAGES**

COMES NOW PLAINTIFFS SCOTT CATLIN ("Catlin"), as guardian ad litem for C.R., an individual minor, SCOTT CATLIN, an individual, and DOES 1-10, inclusive, hereinafter collectively referred to as "Plaintiffs", allege as follows:

### I.    INTRODUCTION

1.    This action concerns constitutional limits on the government's ability to invade a person's most intimate bodily spaces to search for drugs without any judicial oversight or even reasonable suspicion. Government agents brutally proved the body cavities of plaintiff C.R., a minor child, without the consent of her parents and against her will in multiple, redundant, and increasingly intrusive searches even though none of the searches uncovered any evidence of drug smuggling. After enduring hours of demeaning and highly invasive searches, C.R. was released without any charge.

2.    C.R., then a 16 year old was returning to her home in the United States from Mexico on September 5, 2017 at around 7:30 pm with her two adult sisters. All three of them were attempting safe and lawful passage at San Ysidro International Border Crossing pedestrian gate west. Upon C.R. entering the United States, C.R. was flagged for secondary search by United States Customs and Border Patrol ("CBP") agents. This set off a sequence of searches conducted by CBP agents, escalating without probable cause to the next level and in violation of several protocols ending in an abusive, cavity search with the minor having to disrobe in front of agents, suffering humiliation without parental consent.

3.    Over the course of the next couple hours, Defendants subjected C.R. to a series of highly invasive searches, any one of which would have been humiliating and demeaning. First, government agents patted her down and frisked her in secondary. Finding nothing, defendants then subjected C.R. to a strip search and made a visual and manual inspection of her genitals and anus. C.R. was forced to remove her clothing, squat, and expose her genital and intimate areas in plain view of other agents even through her tears and emphatic statements of not having done anything wrong. In the end, no contraband was found on C.R. and she was released without any

FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF

charges.

4.      The searches conducted by Defendants traumatized plaintiff physically and emotionally. All Plaintiffs respectfully seek relief from this court for their injuries.

## II.      JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331 because Plaintiffs' claims arise under the Constitution and laws of the United States of America.

6.      Venue is proper in that this judicial district under 28 U.S.C. Section 1391(b)(2) because the incident giving rise to this action occurred in this district.

## III.     PARTIES

7.      Plaintiff C.R., a Minor, by and through her Guardian Ad Litem, Mr. Scott Catlin is a United States citizen and a resident of San Diego, California.

8.      Plaintiff Scott Catlin is C.R.'s father and her legal guardian at the time of the incident.

9.      Defendant RONALD D. VITIELLO is Acting Deputy Commissioner of United States Customs and Border Protection. Upon information and belief, at all times relevant to this complaint, he was supervising and managing the United States Customs and Border Protection Agents and Supervising Agents subject to this lawsuit. He is sued in his individual and official capacity.

10.     Defendants TWO UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION AGENTS (hereinafter "Two Unknown CBP Agents") are employees of the United States Customs and Border Protection. At all times relevant to this complaint, these agents were acting in the course and scope of their employment. They are sued in their individual and official capacities.

11.     Defendants TWO UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION SUPERVISING AGENTS (hereinafter "Two Unknown CBP Supervisors") are employees of the United States Customs and Border Protection. At all times relevant to this complaint, these agents were acting in the course and scope of their employment. They are sued in their individual and official capacities.

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

## IV.   **FACTS**

12.   In September of 2017, C.R. and her sisters went to Mexico for a regularly planned trip to visit her grandmother.   On September 5, 2017 in the evening around 7:30 p.m., after visiting their grandmother, C.R. and her two sisters came back to the United States. All three of them, C.R. included, lined up for inspection.

13.   C.R. was a minor and is still a minor to date.  Her sisters were all over 21 years of age. The attempted safe and lawful passage at the San Ysidro international crossing by foot. They were trying to get back to the United States so they could be home in time to prepare for school the next day.  All three sisters were in line together.

14.   A canine officer passed a dog to all three sisters.   The dog smelled C.R. who was menstruating at this time.  The dog did not sit in front of C.R.

15.   The canine officer pulled C.R. from the line and sent her to secondary.   Without additional probable suspicion, or probable cause, the officers escalated the inspection of this minor without requesting parental consent, without explaining to her what was going on and without inspecting her backpack or her box of cereal she had with her.

16.   Officers then directed C.R. to secondary processing where she was forced to remove her clothing. C.R. was menstruating at the time.  However, C.R. was still required to remove her clothing. While nude, she was forced to squat and caught while officers probed and shined a flashlight on her vaginal and anal areas. When they were satisfied with their search, CBP officers then allowed C.R. to get dressed, gather her belongings, and go home.

17.   The entire search was done outside of the presence of C.R.'s family members. C.R.'s parents did not voluntarily waive consent to either the search or to C.R.'s prolonged detention. The officers did not give the proper warnings under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966). The search inevitably yielded no contraband or wrongdoing by C.R. Custom's officers never asked for C.R.'s age, never asked her for her parents' information, and never attempted to contact her parents. C.R. was told by CBP officers that if she did not want to be searched in such a way then she should not cross the border. C.R. in fact did not bring any

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

contraband of any kind across the border

18.     On October 16, 2017, Plaintiffs, with the assistance of the American Friends Service Committee, filed a formal complaint with the California and Border Protection of the San Ysidro PedWest border crossing, the Office of the Inspector General Inspections Division, and the Office of Civil Rights and Civil Liberties in the U.S. Department of Homeland Security. However, to date, there has been no attempt by any agency to remedy or rectify Plaintiffs' grievances.

19.     C.R. is extremely traumatized because of this incident. For months after the incident, C.R. would have random outbursts where she would cry uncontrollably. She is emotionally unstable and uncomfortable being by herself, anxious all the time, and angry towards herself because of this incident. C.R. cannot concentrate on even every day activities anymore because she relives the experience of the abused she suffered on the day she was unreasonably searched.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Unreasonable Seizure, False Arrest, and False Imprisonment**

**in Violation of the Fourth Amendment to the U.S. Constitution**

**Against All Defendants**

**(*Bivens* Claim)**

20.     Plaintiff incorporates paragraphs 1-19 as set forth above.

21.     All defendants' actions are the legal and proximate cause of Plaintiff's injuries.As a direct result of their actions set forth in this Complaint, Defendants acted under the color of federal law to deprive C.R. of her right to be free from unreasonable seizures by seizing, arresting, and detaining her without reasonable suspicion or probable cause that she was committing a crime, in violation of the Fourth amendment of the U.S. constitution.

22.     This cause of action for the violation of C.R.'s Fourth Amendment right is brought pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

///

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

## SECOND CAUSE OF ACTION

### Unreasonable Search in Violation of

### the Fourth Amendment to the U.S. Constitution

### As to All Defendants

### (*Bivens* Claim)

23.     Plaintiff incorporates paragraphs 1-22 as set forth above.

24.     All defendants' actions are the legal and proximate cause of Plaintiff's injuries. All defendants' actions are the legal and proximate cause of Plaintiff's injuries.As a direct result of their actions set forth in this Complaint, Defendants acted under the color of federal law to deprive G.M., a minor, of her right to be free from unreasonable search in violation of the fourth Amendment to the U.S. constitution by 1) searching her person without reasonable suspicion or probable cause that she was committing ac rim; and/or 2) searching her person in a highly unreasonable manner that invade he right to bodily integrity and privacy.

25.     This cause of action for the violation of C.R.'s Fourth Amendment right is brought pursuant to *Bivens v. Six Unknown Agents¸*403 U.S. 388 (1971).

### THIRD CAUSE OF ACTION

### Deprivation of Due process in Violation of the Fifth Amendment to the U.S. Constitution as to All Defendants

### (*Bivens* Claim)

26.     Plaintiff incorporates paragraphs 1-25 as set forth above.

27.     As a direct result of their actions set forth in this Complaint, Defendants acted under the color of federal law to deprive C.R., a minor, of her right to due process by acting in a manner that shocks the conscience in violation of the Fifth Amendment of the U.S. Constitution.

28.     This cause of action for the violation of Plaintiff G.M.'s Fourth Amendment right is brought pursuant to *Bivens v. Six Unknown Agents¸*403 U.S. 388 (1971).

## VI.     <u>JURY TRIAL DEMANDED</u>

29.     Plaintiffs respectfully demands a jury trial.

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully ask this court to:

1.  A declaration that actions of defendants, and each of them, violated the U.S. Constitution;

2.  For an injunction restraining defendants, and each of them, from engaging in invasive law enforcement searches;

3.  For an award of compensatory damages in an amount to be determined at the time of trial;

4.  For an award of punitive damages in an amount to be determined at the time of trial

5.  For an award of attorney's fees and costs pursuant to 42 U.S.C. Section 1988; and,

6.  For any such other and further relief as the court deems just and proper.

Date: May 31, 2018                          **LAW OFFICES OF FRANCISCO J. ALDANA**

FRANCISCO J. ALDANA
Attorney for Plaintiffs
SCOTT CATLIN, as guardian ad litem
for C.R., an individual minor,
SCOTT CATLIN, as an individual

**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

Francisco J. Aldana (CSB #216388)
Law Offices of Francisco Javier Aldana
3033 Fifth Avenue, Ste 201
San Diego, California 92103
Tel: (619) 236-8355 | Fax: (619) 374-7056
Email: efile@aldanalawoffice.com

Attorney for Plaintiffs SCOTT CATLIN, as guardian ad litem
for C.R., an individual minor, SCOTT CATLIN, an individual,
and DOES 1-10, inclusive

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CATLIN, as guardian ad litem for C.R., an individual minor, SCOTT CATLIN, an individual, and DOES 1-10, inclusive, <br><br> Plaintiff, <br><br> v. <br><br> RONALD D. VITIELLO, in his official capacity as Acting Deputy Commissioner of United States Customs and Border Protection; TWO UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION AGENTS, in their individual and official capacities; TWO UNKNOWN UNITED STATES CUSTOMS AND BORDER PROTECTION SUPERVISING AGENTS, in their individual and official capacities; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.    18CV0322 JLS MDD <br><br> **AFFIDAVIT OF PROOF OF SERVICE OF AMENDED COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF, DEMAND FOR JURY TRIAL** |

/ / /

/ / /

1

PROOF OF SERVICE

I, Mayra Cerda, declare:

I am over the age of 18 years and not a party to the above-entitled matter. My business address is 3033 fifth Avenue, Suite 201, San Diego, California 92103

On the ate given below, I served the AMENDED COMPLAINT FOR DAMAGES AND FOR DECLARATORY AND INJUNCTIVE RELIEF, DEMAND FOR JURY TRIAL in this matter on each of the parties indicated herein in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail in San Diego, California address as follows:

Ernest Cordero, Jr.
US Attorneys Office Southern District of California
Civil Division
880 Front Street, Suite 6253
San Diego, Ca 92101
(619) 557-5662
Fax: (619) 557-7122
Email: efile.dkt.civ@usdoj.gov


Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Avenue NW, MS: 1345
Washington DC 20229


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on May 31, 2018.

Mayra Cerda

AFFIDAVIT OF PROOF OF SERVICE OF AMENDED COMPLAINT