Francisco J. Aldana, Esq. (CSB #216388)
Law Offices of Francisco Javier Aldana
3033 5th Avenue, Suite 201
San Diego, CA 92103
Tel: (619) 236-8355 | Fax: (619) 374-7056
Email:  efile@aldanalawoffice.com

Attorney for Plaintiff
SCOTT CATLIN, as guardian ad litem for C.R.
andSCOTT CATLIN

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CATLIN, as guardian ad litem for C.R., an individual minor; SCOTT CATLIN, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and ROES 1-50, inclusive;<br><br>                    Defendants. | Case No.3:18-cv-00322-JLS-MDD<br><br>**OPPOSITION TO MOTION TO DISMISS COMPLAINT, REQUEST LEAVE TO AMEND** |

    Plaintiff SCOTT CATLIN, as guardian *ad litem* for minor C.R.  (hereinafter as Plaintiff), by and through his counsel of record, hereby submits this Opposition and Memorandum of Points and Authorities to Defendant UNITED STATES OF AMERICA's (hereinafter as Defendant)

1

Motion to Dismiss Complaint and requests leave to amend or in the alternative accept the amended complaint filed on May 31, 2018.

## I.   INTRODUCTION AND FACTUAL BACKGROUND

This case arose from an incident at the El Chaparral Border Crossing in San Ysidro, California. She was unnecessarily strip searched without parental consent and without the minor's consent.  The protocol for escalating from a non-invasive search to an invasive search was not followed thus violating the minor's constitutional guarantees.  A minor child, on whose behalf her father filed this complaint is named as C.R.  The defendant named was the United States of America, and ROES 1-50.

The Defendants motion is well taken.  As such, Plaintiff filed an amended complaint on May 31, 2018 to cure this defect.  In its amended complaint, Plaintiff named the defendants that, she believes are the appropriate defendants and moves this court to dismiss the United States of America as a defendant.

Additionally in the Complaint, the Plaintiff substituted the appropriate defendants as ROES. Unfortunately, the Plaintiff, by and through her counsel of record did not request leave of court to file the amendment.

Under the amended complaint, the appropriate parties are named as they are liable to Plaintiff under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Supreme Court in *Bivens* established that victims of a constitutional violation by a federal official have a right to recover damages against eh official in federal court despite the absence of any statute conferring such a right.

## II.   THE COURT HAS SUBJECT MATTER JURISDICTION AS TO THE GOVERNMENT EMPLOYEES HAVING BEEN SUED AS ROE DEFENDANTS 1 TO 50 AND THE COURT CAN GRANT CATLIN THE RIGHT TO ACT AS GUARDIAN AD LITEM

### A.  Catlin Can Request to Be Guardian Ad Litem for his Step-Daughter

The defects in the complaint can be cured by amendment of defendants and by submitting a request by Scott Catlin to proceed as guardian ad litem for his step-daughter, C.R.  C.R. lives

with Scott Catlin, her mother and her other two sisters.  Scott Catlin is the head of household.  In fact, Catlin will submit an application to act as Guardian *Ad Litem* for his daughter.    He does not have an adverse interest as he is not a party to this action, and does not have a conflict of interest. Once this court has granted this application, Catlin will have standing to bring this action.

**B.  Plaintiffs Will Dismiss the United States from the Bivens Claims**

Plaintiff admits that the United States is not a proper defendant to a Bivens claim and will stipulate to dismiss the United States.

**C.  Plaintiff's Claims Under the Federal Tort Claims Act Should Not be Dismissed**

Plaintiff's filed a Federal Tort Claim Act claim on September 7, 2017 (FTCA) which to this date, nine months later, has not been responded to.  Yet, the government's internal affairs for Department of Homeland Security Conducted an investigation, they have not responded to the claim.  Although, the complaint does alleged that this court has jurisdiction under the FTCA and mentions, the claim, Plaintiff did not allege a FTCA violation, but at this time, wishes to add one. The Defendants are correct, that In limited circumstances, courts have allowed FTCA claims to be added to a suit filed before exhaustion.  Where the original complaint filed prior to exhaustion alleged only non-FTCA claims against parties other than the United States.  (See Valadez-Lopez, 656 F.3d at 856-57)

Hence, this court should allow amendment.

**D.  The Statue of Limitations Has Not Expired And The Amended Complaint Should Be Allowed**

Rule 15 of the Federal Rules of Civil Procedure allow for amendments, and states in pertinent part, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires." (See Rule 15 (a)(2)).

Other sections of Rule 15 are not applicable in this matter as the facts giving rise to this complaint occurred on September 5, 2017, less than a year ago.  The statute of limitations for a Biven's action in California is two years because the statute of limitations for personal injury

OPPOSITION TO MOTION TO DISMISS

claims in California is two years.

The case law is clear that "The applicable statute of limitations in a Bivens action is the state personal injury statute. (See Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). The applicable statute is the California Code of Civil Procedure § 335.1, which regulates the time of commencing actions other than for the recovery of real property, states, "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another." (See CCP§ 335.1)

Defendants argue that the Federal Tort Claims Act (FTCA) is premature, but at this time has accrued because the claim was presented more than 6 months ago at the time of this opposition. Additionally, a remedy under the FTCA does preclude a *Bivens* action for the same injury. (See *Carlson v. Green*, 446 U.S. 14, 19-24 (1980))

III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss, grant leave to amend and in the alternative dismiss without prejudice. Although for judicial economy and because the Defendants are on notice, this court should allow the amendment. .

Dated: June 21, 2018

/s/ Francisco J. Aldana
FRANCISCO J. ALDANA
Attorney for Plaintiff

OPPOSITION TO MOTION TO DISMISS