1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADAM L. BRAVERMAN
United States Attorney
ERNEST CORDERO, JR.
Assistant United States Attorney
State of California Bar No. 131865
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7478
Facsimile: (619) 546-7751
Email: ernest.cordero@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SCOTT CATLIN, as guardian ad litem for
C.R., an individual, SCOTT CATLIN, an
individual, and DOES 1-10,

Plaintiffs,

v.

THE UNITED STATES OF AMERICA,
and, ROES 1-50, inclusive,

Defendants.

Case No.: 18cv0322-JLS (MDD)

**REPLY IN SUPPORT OF MOTION
TO DISMISS COMPLAINT**

**[PER COURT ORDER, ECF NO. 8]**

DATE:  None
TIME:   None
CTRM:  4D (4th Floor – Schwartz)

JUDGE:   Hon. Janis L. Sammartino

# I.

# INTRODUCTION

Plaintiffs do not dispute a number of arguments raised in the motion to dismiss. For example, in their opposition brief, Plaintiffs concede they cannot bring 42 U.S.C. § 1983 claims against the United States. They recognize the Court lacks subject matter jurisdiction to hear those claims. Plaintiffs also do not dispute they cannot bring claims against the United States under *Bivens*.[1]

On the issue of FTCA claims, Plaintiffs seek to bring them. But they have not complied with the FTCA's administrative claim requirements. In particular, the document Plaintiffs contend is the administrative tort claim presented to DHS does not state a sum certain in damages. For this reason, it is jurisdictionally defective. Rather than address this issue in their opposition brief, Plaintiffs ignore it.

Plaintiffs also argue they should be permitted to allege FTCA claims in an amended complaint because more than 6 months have elapsed without agency action from the time they filed their alleged administrative claim. But this argument incorrectly assumes the alleged administrative claim was valid. Because it did not state a sum certain in damages, it was not.

Even if Plaintiffs had presented a valid administrative claim, they prematurely filed this suit before any agency action on their administrative claim and less than 6 months after they submitted it. In an effort to circumvent this bar, Plaintiffs now contend the original Complaint did not allege FTCA claims. But they invoked the FTCA as a basis for the Court's subject matter jurisdiction. Consistent with the FTCA, they also brought their claims against the United States.

---

[1] Plaintiffs assert a *Bivens* claim against unnamed Roe defendants. (*See* Complaint, Third Cause of Action.) To the extent the Section 1983 claims against the United States are construed as *Bivens* claims, the Court lacks subject matter jurisdiction to hear them. *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1119 (9th Cir. 2009).

1

On the issue of standing, Catlin admits he has not yet been appointed by the Court to serve as C.R.'s guardian. He intends to apply for such an appointment in the future. As far as his personal claims are concerned, Catlin does not plead facts in the original Complaint demonstrating any legal basis to bring them. He was not involved in, nor present during, the incident. Accordingly, the motion to dismiss should be granted.

## II.
### PLAINTIFFS DO NOT DISPUTE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE SECTION 1983 CLAIMS ALLEGED AGAINST THE UNITED STATES

42 U.S.C. § 1983 provides a remedy for the deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). It does not provide a remedy against the United States or its agents who act under federal law. *Id*. (no section 1983 claim against federal officials acting pursuant to federal law); *see also Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) (same). The same is true for claims brought under *Bivens*. *Western Radio Services Co.*, 578 F.3d at 1119. Here, Plaintiffs concede that their Section 1983 claims against the United States cannot be brought due to a lack of subject matter jurisdiction. (Opposition Brief, p. 2.) Therefore, the claims should be dismissed.

## III.
### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT'S FTCA CLAIMS DUE TO PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

A jurisdictional prerequisite to suing the United States in tort is the filing of an administrative claim with the appropriate federal agency, as required by 28 U.S.C. § 2675(a). *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Plaintiff has the burden of showing compliance with the FTCA's administrative claim exhaustion requirements. *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980). Because the administrative claim requirements are jurisdictional, they cannot be waived. *Id*. at 1244.

2

### A. Plaintiffs Do Not Dispute that They Have Not Filed an Administrative Tort Claim Alleging a *Sum Certain* in Damages

An administrative claim must: (1) sufficiently describe the injury to enable the agency to begin its own investigation; and (2) **state a sum certain in damages**. *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). Only when these two requirements are met is a claim deemed presented for purposes of 28 U.S.C. § 2675(a). *Blair v. Internal Revenue Service*, 304 F.3d 861, 864 (9th Cir. 2002). Moreover, the stating of a sum certain in the administrative claim is a jurisdictional requirement. *Id*. at 865; *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985).

Here, Plaintiffs allege they complied with the administrative claim requirements by mailing a written claim to DHS on September 7, 2017. (Complaint, ¶ 7.)[2] But, because Plaintiffs' purported administrative claim does not state a sum certain in damages, they have not exhausted their administrative remedies. As the requirement of a sum certain is jurisdictional, the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims whether alleged in the original Complaint or the proposed Amended Complaint. *See Burns*, 764 F.2d at 724.

In their opposition brief, Plaintiffs do not address the lack of a sum certain demand. Instead, they argue that since their purported administrative claim was presented to DHS more than 6 months ago, and the agency has not taken any action, they now have exhausted their administrative remedies. This argument ignores the absence of a sum certain. Absent the sum certain, no valid administrative claim has been presented.

///

///

///

---

[2] CBP treated the document submitted as a "complaint," not an administrative claim. Although Plaintiffs' original Complaint refers to the document as an "administrative claim" (ECF No. 1, ¶ 7), Plaintiffs call the document a "complaint" in the proposed Amended Complaint. (*See* ECF No. 5, ¶ 18.)

3

**B.**   **Plaintiffs Cannot File an Amended Complaint with New FTCA Claims Once They Exhaust their Administrative Remedies**

An FTCA suit filed before exhaustion of administrative remedies (as in this case) is premature and must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 110-13 (1993). It cannot be cured by filing an amended complaint against the United States after exhaustion. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999); *Sparrow v. United States Postal Service*, 825 F.Supp. 252, 255-56 (E.D. Cal. 1993). Instead, a plaintiff must file a new suit. *Id*. at 255. Here, even if Plaintiffs had presented a proper administrative claim containing a sum certain demand, and exhausted their administrative remedies in all other respects (which they have not), they cannot simply file an amended complaint with new FTCA claims in this action.

As set forth in the moving papers, there is a limited exception to the foregoing rule when a suit has been filed prior to exhaustion. Specifically, a complaint may be amended to add an FTCA claim after exhaustion **if** the original complaint alleged only non-FTCA claims against parties other than the United States. *See Valadez-Lopez*, 656 F.3d at 856-57. In their opposition brief, Plaintiffs argue they should be permitted to avail themselves of this exception. In an attempt to fall within the exception, they contend that their original Complaint did not state an FTCA claim. However, Plaintiffs' original Complaint invoked the Court's jurisdiction pursuant to the FTCA ("This court has subject matter jurisdiction pursuant to … 28 U.S.C. § 2671 (Federal Tort Claims Act….") (Complaint, ¶ 2). Consistent with the requirements of the FTCA, Plaintiffs also named the United States as a defendant. Additionally, they alleged exhaustion of their administrative remedies and attached as Exhibit 1 a copy of what they believed was a valid administrative tort claim.

Under applicable law, what Plaintiffs did constituted an FTCA suit. This is so because a plaintiff initiates an action against the United States for purposes of Section 2675(a) (the FTCA) by (1) commencing proceedings in court against the United States, (2) invoking the federal court's jurisdiction under the FTCA, or, (3) otherwise seeking redress against the government pursuant to the FTCA. *See Valadez–Lopez*, 656 F.3d at 855–56 &

4

n.1. Although Plaintiffs labelled their causes of action "Section 1983 claims," they named the United States as a defendant and invoked the Court's jurisdiction under the FTCA. (*See* Complaint, ¶ 2.) Because they attempted to allege claims under the FTCA, it does not matter that the claims were defective.

## IV.
## PLAINTIFFS ADMIT CATLIN HAS NOT BEEN APPOINTED TO SERVE AS C.R.'S GUARDIAN AD LITEM

### A.   Plaintiffs Admit the Complaint Does Not Plead Facts Demonstrating Catlin's Standing to Bring Suit as C.R.'s Guardian Ad Litem

In the opposition brief, Plaintiffs admit the Court has not appointed Catlin as C.R.'s guardian ad litem. They plan to remedy the problem by submitting the appropriate application. Defendant does not take a position on whether Catlin would be an appropriate guardian. Nonetheless, Defendant suggests the Court may wish to obtain clarification on a number of contradictory assertions relevant to the appointment.

In the original Complaint, Plaintiffs alleged that Catlin is C.R.'s stepfather (Complaint, ¶ 7). However, in the proposed Amended Complaint, Catlin is alleged to be C.R.'s father, not stepfather. (Amended Complaint, ¶ 8.) In their opposition brief, Plaintiffs revert back to asserting Catlin is C.R.'s stepfather. (Opposition Brief, pp. 2-3.) This is significant because a stepparent and stepchild are not legally considered to be in a parent-child relationship under California law. *Yohner v. California Dept. of Justice*, 237 Cal.App.4th 1, 11 (2015).

Another contradiction concerns citizenship. The original Complaint – verified under oath by Catlin - alleges C.R. is a United States citizen. (Complaint, ¶ 4.) The proposed Amended Complaint does not allege her citizenship. (Amended Complaint, ¶ 7.) It does not because, as indicated in CBP's records, C.R. is not a United States citizen.

In their opposition brief, Plaintiffs also allege that Catlin "does not have an adverse interest [to C.R.] as **he is not a party to this action** and does not have a conflict of interest." (Opposition Brief, p. 3 (emphasis added).) This is not correct. Catlin is named as both a

guardian ad litem **and** an individual plaintiff in both the original Complaint and the proposed Amended Complaint. If Catlin does not intend to be an individual plaintiff in this case, then Plaintiffs should request his dismissal.

## V.
## THE COMPLAINT DOES NOT PLEAD FACTS DEMONSTRATING CATLIN'S STANDING TO BRING PERSONAL CLAIMS

As set forth in the moving papers, the Complaint does not allege Catlin was present at the time of the incident or in any way involved. Aside from asserting that Catlin is C.R.'s stepfather and legal custodian, the Complaint does not state how Catlin is connected to the incident. The same is true of the proposed Amended Complaint and opposition brief. Moreover, as discussed above, it appears that Plaintiffs take the position in their opposition brief that Catlin does not allege any personal claims. For these reasons, he should be dismissed for lack of standing and for failure to plead a case or controversy.

## VI.
## CONCLUSION

For the foregoing reasons and those set forth in the moving papers, all claims alleged in the Complaint against the United States should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction, lack of standing and for failure to state a claim.

DATED: June 28, 2018

Respectfully submitted,

ADAM L. BRAVERMAN
United States Attorney

*s/ Ernest Cordero, Jr.*
ERNEST CORDERO, JR.
Assistant United States Attorney

Attorneys for Defendant
United States of America

6

18cv0322-JLS (MDD)