UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CATLIN, as guardian ad litem for C.R., an individual, SCOTT CATLIN, an individual, and DOES 1-10,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, and ROES 1-50, inclusive,<br><br>Defendant. | Case No.: 18-CV-322 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 4) |

Presently before the Court is Defendant the United States' Motion to Dismiss, ("MTD," ECF No. 4). Also before the Court is Plaintiff Scott Catlin's Opposition to, ("Opp'n," ECF No. 9), and Defendant's Reply in Support of, ("Reply," ECF No. 10), the Motion. The Court vacated the hearing on the Motion and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 8.) Having considered the Parties' arguments and the law, the Court rules as follows.

## BACKGROUND

On February 9, 2018, Plaintiff filed a complaint against Defendant on behalf of C.R., a minor. (*See* "Compl.," ECF No. 1.) Plaintiff is the step-father and legal custodian of C.R. (*Id.* ¶ 7.) This case involves searches by federal custom officials at the border of

Mexico and the United States upon C.R., without a search warrant or parental consent. (*Id.* ¶ 7.) Plaintiff alleges "law enforcement officers cannot perform [searches] upon a child in the absence of a search warrant and without parental consent." (*Id.*) Plaintiff also alleges "many custom and border patrol agents who acted on the behalf of the United States government . . . intentionally probed the most sensitive body parts of C.R., an underage female without a warrant, without parental consent and without probable cause." (*Id.* ¶ 1.) Plaintiff has not ascertained the identity of the federal agents and is proceeding against them using fictitious names, i.e., the Roe Defendants. (*Id.* ¶ 6.)

Plaintiff brings causes of action against the United States and Roe Defendants for: (1) violation of due process under 42 U.S.C. § 1983; (2) violation of equal protection under 42 U.S.C. § 1983; and (3) violation of due process under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Compl. ¶¶ 8–16.) After Defendant responded by filing the present motion, Plaintiff sought to amend his Complaint as matter of right. (ECF No. 5.) Defendant moved to strike the amended complaint as untimely filed. (ECF No. 7.) The Court granted Defendant's objection and struck the amended complaint. (ECF No. 8.) Defendant moves to dismiss under Rules 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

### I. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). "The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts

sufficient to establish subject matter jurisdiction." *Id.* (citing *Love v. United States,* 915 F.2d 1242, 1245 (9th Cir. 1990)).

Motions for dismissal under Federal Rule of Civil Procedure 12(b)(1) may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is one in which "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In evaluating such a challenge, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). In contrast, where the defendant challenges the factual basis underlying the allegations, the court need not accept the allegations as true and may make factual determinations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes." *Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. Gen. Tel. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When making such a ruling, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty.*, 343 F.3d at 1039 n.2 (citing *White*, 227 F.3d at 1242).

## II. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (alteration in original). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "[F]acts that are 'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* at 678–79 (citing *Twombly*, 550 U.S. at 555). This review requires "context-specific" analysis involving the Court's "judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Where a complaint does not survive 12(b)(6) analysis, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . [will] cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schriber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## ANALYSIS

Defendant advances three general arguments in support of its motion. First, Defendant argues Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens* should be dismissed

because the United States is not a proper party to a section 1983 or *Bivens* claims. Second, Defendant maintains Plaintiff improperly relies on the Federal Tort Claims Act ("FTCA") as basis for the Court's subject matter jurisdiction. Third, Defendant asserts Plaintiff lacks Article III standing to bring claims against it.

## I. 42 U.S.C. § 1983

Plaintiff alleges claims against the United States and the Roe Defendants under 42 U.S.C. § 1983. (*See* Compl. ¶¶ 8–13.) "Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)). "There is no valid basis for a claim under section 1983 . . . against federal officials acting under color of federal law." *Id.* It follows, therefore, that a section 1983 claim cannot lie against the United States—it is not a person under the statute.[1]

Plaintiff concedes he cannot bring a *Bivens* claim against the United States. (Opp'n 3.)[2] Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITH PREJUDICE** the 42 U.S.C. § 1983 claims against the United States and the individual Roe Defendants.

## II. FTCA

Defendant moves to dismiss Plaintiff's FTCA claims because Plaintiff is attempting to bring an FTCA claim without first exhausting administrative remedies. (MTD 6.) The FTCA waives the sovereign immunity of the United States for tort actions. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). Generally, the United States can be held liable under the FTCA if a private individual, under identical circumstances, would be liable to

---

[1] Even if the Court were to construe the claim against the United States as a claim under *Bivens*, "no *Bivens*-type claim lies against the United States itself." *Cato v. United States*, 70 F.3d 1103, 1110 (9th Cir. 1995) (citing *FDIC v. Meyer*, 510 U.S. 471, 484 (1994); and *Hohri v. United States*, 586 F. Supp. 769, 782 (D.D.C.1984), *aff'd*, 847 F.2d 779 (D.C. Cir. 1988).

[2] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

the plaintiff under the law of the state where the event occurred. Before filing a civil action in federal court, the Act requires an individual to seek an administrative resolution of her claim before she can file an action against the United States. *See* 28 U.S.C. § 2675(a); *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995). Thus, "a claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). "A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six month to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519 (citing *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974). The administrative claim requirement is jurisdictional and "must be strictly adhered to." *Id.* at 521.

Here, Plaintiff alleges he exhausted his administrative remedies by mailing a written claim to the Department of Homeland Security on September 7, 2017. (Compl. ¶ 7.) Plaintiff states because the Department of Homeland Security did not respond to his written claim, he filed suit against the United States on February 9, 2018. (Opp'n 3.) According to 28 U.S.C. § 2675(a), Plaintiff was required to wait at least six months after sending his letter to the Department of Homeland Security before filing suit against the United States. Plaintiff only waited five months. Plaintiff concedes he filed suit before he exhausted his administrative remedies. (Opp'n 3.) Additionally, even if six months had passed before Plaintiff sent his letter to the Department of Homeland Security, the letter was still defective because it did not state a sum certain in damages. (*See* Ex. 1, ECF No. 1.)

However, Plaintiff argues although he filed suit prior to exhaustion, he should be able to amend his complaint to add an FTCA claim under the limited exception announced in *Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011). (Opp'n 3.) *McNeil v. United States*, 508 U.S. 106, 112 (1993) states the general rule and held that a prematurely filed

FTCA action cannot proceed even where no substantial progress in the litigation has taken place. That is, a belatedly presented FTCA administrative claim cannot cure a prematurely filed complaint. Where a plaintiff has prematurely filed, then he must file a new suit to cure the premature filing. *Valdez-Lopez*, 656 F.3d at 856. A narrow exception exists, however, where the original complaint alleged non-FTCA claims against parties other than the U.S. *Id.* at 856–57. In such cases, a plaintiff may amend the complaint to add properly exhausted FTCA claims. *Id.* at 856. Plaintiff contends that even though his Complaint alleged the Court had jurisdiction under FTCA, he did not allege an FTCA violation. (Opp'n 3.)

Plaintiff's argument is unpersuasive. It is evident Plaintiff "invoked the federal court's jurisdiction under the FTCA," *McNeil*, 508 U.S. at 108, because the Complaint clearly stated, "the Court has jurisdiction pursuant to . . . 28 U.S.C. § 2671 (Federal Tort Claims Act)." (Compl. ¶ 2.) Plaintiff also named the United States as a defendant. (*Id.* ¶ 5.) Finally, he alleged that he met the administrative exhaustion requirement by mailing a written claim to the Department of Homeland Security. (*See id.* ¶ 7.) Plaintiff does not meet the *Valdez-Lopez* exception. Because Plaintiff "invoked the federal court's jurisdiction under the FTCA," *McNeil*, 508 U.S. at 108, and named the United States as a defendant, Plaintiff can only cure an FTCA claim by filing a new civil suit. Until that time, this Court lacks subject matter jurisdiction over any FTCA claims. *See Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 (9th Cir. 1991) ("The claim requirement of § 2675(a) is a jurisdictional limitation."). Therefore, the Court **GRANTS** Defendant's Motion to Dismiss as to Plaintiff's FTCA cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims to the extent he seeks to bring an FTCA claim.

### III. Article III Standing

The only remaining claims are the *Bivens* claims against the Roe Defendants. Plaintiff seeks to litigate on behalf of C.R. as guardian ad litem, but has not been appointed as such by the Court. (Compl. ¶ 7.) "Under Ninth Circuit law, an asserted or actual parent may not claim to be the guardian ad litem of his or her minor child as a matter of right.

*Fong Sik Lueng v. Dulles*, 226 F.2d 74, 82 (9th Cir. 1955). District courts have a special duty to protect the interests of litigants who are incompetent. *See* Fed. R. Civ. P. 17(c), *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires a district court to appoint a guardian ad litem to protect an incompetent person who is unrepresented in an action. Fed. R. Civ. P. 17(c). Rule 17(c) does not have a time constraint for filing a petition for guardian ad litem. *Dean v. City & Cnty. of San Francisco*, No. C-05-1876, 2006 WL 824336, at *1 (N.D. Cal. Mar. 28, 2006).

Defendant argues Plaintiff does not have standing to bring suit because the Court has not appointed him as C.R.'s guardian ad litem. (MTD 3.) Defendant contends that Plaintiff has not pled that "he has been appointed by either this Court or any other court" to act as C.R.'s guardian ad litem. (*Id.*) Defendant also states "the Court's docket . . . does not contain a petition from [Plaintiff] seeking such an appointment." (*Id.*)

Plaintiff does not deny the Court has not appointed him as C.R.'s guardian ad litem. (Opp'n 2–3.) Plaintiff states he "will submit an application to act as Guardian Ad Litem for his daughter" and that once the Court grants his application he will have standing to bring suit against Defendant. (*Id.* at 3.)

Because Plaintiff has not been appointed as C.R.'s guardian ad litem, Plaintiff needs to have shown he suffered an "injury in fact" that is traceable to Defendant to have standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiff does not allege Defendant injured him, and only alleges Defendant injured C.R. (Compl. ¶ 1.) Accordingly, the Court finds Plaintiff does not have standing to bring suit against Defendant. The Court **GRANTS** Defendant's Motion with respect to the *Bivens* claims against the Roe Defendants and **DISMISSES WITHOUT PREJUDICE** the claims.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's MTD, (ECF No. 4). The Court **DISMISSES WITH PREJUDICE** Plaintiff's 42 U.S.C. § 1983 against the United States and any federal employees, as well as any *Bivens* claims against the United States. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining claims,

(ECF No. 1). The Court **GRANTS** Plaintiff leave to file an amended complaint except for any FTCA claims. *See* Fed. R. Civ. P. 15(a); *Carvalho v. Equifax Info. Serv., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (stating when a court dismisses a complaint, "leave to amend shall be freely given when justice so requires"). If Plaintiff decides to bring another FTCA claim against the United States, he must refile a new case. Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before twenty-one (21) days from the date on which this Order is electronically docketed</u>. *Failure to file an amended complaint by this date may result in a dismissal of this case with prejudice.*

**IT IS SO ORDERED.**

Dated: September 4, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge